IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 22, 2003

## STATE OF TENNESSEE v. BARRY LEE ARMISTEAD

**Direct Appeal from the Criminal Court for Davidson County**
**No. 99-D-2724     Seth Norman, Judge**

---

### No. M2002-01877-CCA-R3-CD - Filed September 11, 2003

---

Barry L. Armistead appeals from the Davidson County Criminal Court's revocation of his probationary sentences. He claims that the lower court erred in revoking probation because the state failed to prove a violation by a preponderance of the evidence. Because we disagree, we affirm the lower court's judgment.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOE G. RILEY and NORMA MCGEE OGLE, JJ., joined.

William A. Lane, Murfreesboro, Tennessee, for the Appellant, Barry Lee Armistead.

Paul G. Summers, Attorney General & Reporter; P. Robin Dixon, Jr., Assistant Attorney General; Victor S. Johnson, District Attorney General; and Sarah Davis, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

Upon his guilty pleas, the defendant was convicted of two counts of aggravated assault. Pursuant to the plea agreement, he was sentenced to two terms of four years each, to be served consecutively to each other and consecutively to the sentence for a prior conviction in Putnam County. The sentences were to be served on probation.

Before the commencement of the defendant's Davidson County sentences, his Davidson County probation officer procured a violation warrant, in which it was alleged that the

defendant violated probation by violating the law, failing to report to his probation officer, and failing to pay the required fees.[1]

The transcript of the defendant's guilty plea hearing is contained in the appellate record. It reflects an exchange between defense counsel and the court concerning whether the defendant could serve his Davidson County sentences through the probation office in Putnam County, which is the defendant's home. When defense counsel inquired whether the defendant should report to Davidson County probation authorities before the defendant's cases were transferred to Putnam County, the court instructed that the defendant should see "Mr. Sears" before leaving court that day. The court advised, "Mr. Sears will talk to him about it and tell him what to do."

At the revocation hearing, the state presented the testimony of James Foster, the defendant's probation officer. Foster testified that the defendant had never reported to him. Foster filed the violation warrant after learning that the defendant had been arrested on theft charges in Wilson County. Foster claimed that he pursued revocation because the defendant had violated the terms of probation by incurring a new arrest, failing to report the new arrest, failing to provide proof of employment, changing his residence without notifying Foster, failing to report, and failing to stay away from the victim.[2]

The defendant took the stand to oppose revocation. He testified that after his Davidson County plea hearing, he was taken into a hallway where he filled out paperwork with a probation officer who told him that his paperwork would be faxed to Brenda Reed, the defendant's Putnam County probation officer. The defendant's understanding was that he would be supervised by Putnam County probation officials for the Davidson County sentences. He was unaware that he had been assigned a Davidson County probation officer. The defendant testified that the alleged Wilson County theft offense occurred in 1997 or 1998, which was prior to the Davidson County offenses. The Wilson County theft charge was still unresolved at the time he entered his guilty pleas in Davidson County in 2000. The defendant conceded that after the Davidson County sentences were imposed, he "jumped bail" in Wilson County in 2001 and was arrested. The defendant likewise conceded that he was presently serving a Putnam County sentence in the Department of Correction due to a "technical violation" of probation.

The standard of review upon appeal of an order revoking probation is the abuse of discretion standard. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). For an abuse of discretion

---

[1]Apparently, the original violation warrant contained a clerical error in that it alleged that the defendant violated probation on a date earlier than the date upon which the defendant's sentences were imposed. The record reflects that the defendant made a timely objection to the irregularity, upon which the court dismissed the warrant and indicated its willingness to issue a corrected warrant upon the state's preparation of same. The affidavit that is in the record contains the clerical error mentioned above, but the warrant itself appears in order. We presume by the defendant's silence at the hearing below and on appeal that he has no quibble with the warrant in its present form and that he does not contest that he received adequate notice of the factual basis upon which the state sought revocation.

[2]Only some of these grounds are actually alleged in the violation warrant that is before us.

to occur, the reviewing court must find that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the terms of probation has occurred. *Id*. at 82; *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). The trial court is required only to find that the violation of probation occurred by a preponderance of the evidence. Tenn. Code Ann. § 40-35-311(e) (Supp. 2002). Upon finding a violation, the trial court is vested with the statutory authority to "revoke probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered." *Id.* Furthermore, when probation is revoked, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." *Id.* § 40-35-310 (1997). The trial judge retains the discretionary authority to order the defendant (1) to serve his sentence in incarceration; (2) to serve the probationary term, beginning anew; or (3) to serve a probationary period that is extended for up to an additional two years. *State v. Hunter*, 1 S.W.3d 643 (Tenn. 1999). The determination of the proper consequence embodies a separate exercise of discretion from the initial finding that a violation has occurred. *See id.* at 647; *State v. Duke*, 902 S.W.2d 424, 427 (Tenn. 1995); *State v. Ricio L. Conner*, No. 02C01-9807-CR-00201 (Tenn. Crim. App., Jackson, Oct. 31, 1999).

In this case, the defendant challenges only the propriety of the revocation, not the consequence imposed as a result. Therefore, we concern ourselves solely with the adequacy of the basis for the revocation. In that regard, the trial court did not make findings about its basis for the revocation. Thus, we will consider whether the state demonstrated by a preponderance of the evidence that the defendant violated probation in any of the three ways alleged in the revocation warrant – violating the law, failing to report to his probation officer, and failing to pay the required fees.

We are compelled by the defendant's admission that he "jumped bail" in Wilson County and was arrested for this reason. Although the factual underpinnings of this misdeed are noticably absent from the record, we do not believe it is necessary for us to know the precise nature of the offense where the defendant admits wrongdoing. Failure to appear, or "bail jumping" as it is commonly called, is a criminal offense. *See* Tenn. Code Ann. § 39-16-609 (Supp. 2002). The defendant did not make any claim that the arrest was unwarranted based upon the conduct preceding it, and there is no indication in the record of any mistake in this regard. We believe that the record, as it sits before us, supports a finding by a preponderance of the evidence that the defendant violated the law, which was in contravention of his Davidson County probationary terms.

That said, we are not convinced that the record supports by a preponderance of the evidence either that the defendant failed to report to his probation officer or that he failed to pay the required fees. With respect to the failure to report, the state and the defense presented conflicting evidence. The defendant offered a plausible explanation for not reporting to Davidson County Probation Officer James Foster, and the state did not demonstrate that the defendant's explanation was unreasonable. The state did not present evidence via "Mr. Sears," the Davidson County probation officer with whom the court instructed the defendant to meet before leaving court on the day of his sentencing. Moreover, the lower court failed to make any findings regarding the

comparative merits of the credibility of Mr. Foster and the defendant relative to their conflicting testimony about the matter.

With respect to the failure to pay required fees, the state established that the defendant had done nothing to complete the requirements of his Davidson County probationary sentences, but it did not establish that he was required to begin paying fees before actual commencement of the sentences.[3] The record will not support a finding that the defendant violated probation by failing to pay fees.

Based upon the defendant's violation of the law by "jumping bail," we affirm the lower court's revocation of his probationary sentences.

_____
JAMES CURWOOD WITT, JR., JUDGE

---

[3] As stated previously, the sentences were imposed consecutively to a Putnam County sentence, which the defendant had not completed serving.